UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>TISHCO PROPERTIES, LLC,<br>SHEILA L. MASON-MIZRAHY, an individual,<br>NIKKI SUMMERS, an individual, and RICHIE<br>MILLS, an individual,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 7:21-cv-00041<br><br><br><br><br><br><br><br>**C O M P L A I N T**<br>**(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary"), brings this action for injunctive and other appropriate relief pursuant to the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, *et seq.*, (the "Act)."

      1.     Jurisdiction over this action is conferred upon the Court by § 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

      2.     This action is brought by the Secretary pursuant to authority granted by Section 11(c)(2) of the Act, 29 U.S.C. § 660(c)(2).

      3.     At all relevant times, Defendant TISHCO Properties, LLC ("Tishco") has been a person within the meaning of § 3(4) of the Act, 29 U.S.C. § 652(4), and an employer engaged in a business affecting commerce within the meaning of § 3(5) of the Act, 29 U.S.C. § 652(5).

4.      At all relevant times, Defendants Sheila L. Mason-Mizrahy ("Mason"), Nikki Summers ("Summers"), and Richie Mills ("Mills") have each  been a person within the meaning of § 3(4) of the Act, 29 U.S.C. § 652(4).

5.      Defendant Tishco is a corporation with headquarters in Valdosta, Georgia and operations in multiple states.  All of the Defendants' actions listed in this Complaint took place in Covington, Georgia.  Therefore, Defendant Tishco is within the jurisdiction of this Court.

6.      Defendant Mills, at all times material to this action, was a supervisor for Tishco.  Mills held the supervisory authority to recommend termination of employment ("termination") and/or participate in termination of employment decisions ("termination decisions") for certain Tishco employees, including the employee at issue in this case.  Mills was also the immediate supervisor of the employee at issue in this case.

7.      Defendant Summers, at all times material to this action, was a regional manager for Tishco and had authority to recommend termination and/or participate in termination decisions, including the employee at issue in this case.

8.      Defendant Mason, at all times material to this action, was the Director of Human Resources for Tishco.  Mason held authority to terminate the employment of the employee at issue in this case.

9.      Defendant Tishco is a property management firm that provides property management services for properties located in Florida, Georgia, Tennessee and Virginia.

10.     From approximately April 12, 2012 until November 1, 2017, Defendant Tishco employed Robert Crawford ("Crawford") as a maintenance employee performing various duties, including paint spraying.

11.     Crawford was an employee of Tishco within the meaning of § 3(6) of the Act, 29 U.S.C. § 652(6).

12.     At a meeting in 2015, Defendant Summers informed Crawford and other employees that a fit test was required for the respirators used by employees when paint spraying apartments at Defendant Tishco's managed properties.

13.     At a meeting in mid-2016, Crawford raised concerns that he had not yet been fit tested for a respirator.

14.     In August 2017, Crawford spoke with Defendant Mason in a telephone call regarding his concerns that he not yet been fitted for a respirator.

15.     In early October 2017, Crawford became short of breath and experienced paint in his nose and saliva after paint spraying an apartment unit at one of Tishco's managed properties in Covington, Georgia.  He notified his supervisor, Defendant Mills, and the regional manager, Defendant Summers, of his adverse health reaction.

15.     On October 14, 2017, Crawford left a voicemail for Defendant Mason in Tishco's Human Resources, requesting a meeting with because he had not yet been fit tested for a respirator.

16.     On October 19 and 20, 2017, Crawford took paid time off ("PTO") to have availability to meet with Defendant Mason in person in Valdosta, Georgia.

17.     On October 20, 2017, Crawford met in person with Defendant Mason at Tishco's headquarters in Valdosta, Georgia.  Crawford raised his concerns about needing a respirator fit test, but received no commitment from Defendant Mason.

18.     On October 23, 2017, Crawford left three voicemails for Defendant Mason, seeking guidance regarding his request for a respirator fit test.

19.     On October 25, 2017, Crawford made a safety and health referral ("OSHA health and safety referral") to the Occupational Safety and Health Administration ("OSHA"); alerting them that certain of Defendant's Tishco's employees required respirator fit testing.

20.     On October 30, 2017, after three years of exposure to paint fumes, Crawford received his first respirator fit test from Defendant Tishco.

21.     On November 1, 2017, Defendant Tishco responded to the OSHA safety and health referral.

22.     Also on November 1, 2017, less than one week after Crawford made his OSHA health and safety referral, Defendant Tishco terminated Crawford's over five years of employment with Tishco for alleged time and attendance policy violations.

23.     Within approximately two weeks of Crawford's termination, Defendants also evicted Crawford from his apartment unit at one of Tishco's managed properties.

24.     On November 1, 2017, the same day that Tishco terminated his employment, Crawford filed a whistleblower complaint ("whistleblower complaint") with OSHA, alleging that his termination violated the OSH Act.

25.     Upon receipt of Crawford's whistleblower complaint, OSHA conducted an investigation pursuant to § 11(c)(2) of the Act. OSHA initiated its process by informing Defendant Tishco of the whistleblower complaint. OSHA sent this notice via certified mail. Defendant Tishco received OSHA's notice of the whistleblower complaint on or about November 22, 2017.

26.     Pursuant to its investigation, OSHA conducted interviews of Defendants Mason, Mills and Summers and reviewed Crawford's payroll reports, as provided by Tishco.

27.     In response to OSHA's questions, Tishco alleged that Crawford took four

unauthorized absences on October 19, 20, 27 and 31, 2017.

28.     Crawford's payroll reports, as provided by Tishco, indicate that Crawford used paid time off on October 19, 20, 27 and 31, 2017, as indicated by typewritten "PTO" designations on each of those dates.

29.      Defendants knew that Crawford had reported unsafe working conditions raising the issue of needing fit tests for respirators because, shortly after Crawford made his OSHA health and safety referral, Defendant Mason forwarded the copy she had received from OSHA to Defendant Summers.

30.     Defendants also knew or suspected that Crawford had filed a whistleblower complaint with the United States Department of Labor because, as stated above, OSHA notified Defendants of the filing and Defendants responded to OSHA and participated in the investigation.

31.     Based on its investigation, OSHA determined that Defendants had violated § 11(c)(1) of the Act in terminating Crawford's employment.

32.     Accordingly, by the actions described in paragraphs 3 to 31 above, Defendants discriminated against Crawford, in violation of §11(c)(1) of the Act, 29 U.S.C. § 660(c)(1), as follows:

    a.     Defendants terminated Crawford's employment because he made an OSHA health and safety referral to report unsafe conditions regarding his employment; and

    b.     Defendants have not reinstated Crawford.

33.     As a result of Defendants' unlawful discrimination, Crawford suffered loss of wages, other financial losses, and emotional distress related to the unlawful termination.

34.     Defendants' actions are likely to discourage other employees from reporting unsafe conditions.

WHEREFORE, cause having been shown, the Secretary prays the Court to enter an Order:

(1)     Finding that Defendants Tishco, Mason, Summers, and Mills discriminated against Crawford in violation of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1);

(2)     Permanently enjoining Defendants Tishco, Mason, Summers, Mills, and their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1);

(3)     Directing Defendant Tishco to make Crawford whole through payment of his lost wages, and other benefits suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code section 6621, 26 U.S.C. § 6621;

(4)     Directing Defendant Mason, in her personal capacity, Defendant Summers, in her personal capacity, and Defendant Mills, in his personal capacity, to make Crawford whole through payment of his lost wages and other workplace benefits, suffered by reason of such unlawful discrimination, plus interest calculated at the rate set forth in the Internal Revenue Code section 6621, 26 U.S.C. § 6621;

(5)     Directing Defendant Tishco to pay Crawford compensatory damages, including for emotional distress, for other harms that he has suffered as a result of Defendants' unlawful conduct;

(6)     Directing Defendant Mason, in her personal capacity, Defendant Summers, in her personal capacity, and Defendant Mills, in his personal capacity, to pay

6

Crawford compensatory damages, including for emotional distress, for other harms that he has

suffered as a result of Defendants' unlawful conduct;

(7)     Directing Defendant Tishco to offer reemployment to Crawford in a

position Crawford is capable of performing with comparable pay and benefits to his last position

with Tishco, plus any raises issued since Tishco terminated his employment;

(8)     Directing Defendants Tishco, Mason, in her personal capacity, Summers,

in her personal capacity, and Mills, in his personal capacity, to pay Crawford front pay in lieu of

reinstatement, if the Court determines that the employment relationship between the parties has

been irrevocably broken or for other extenuating circumstances as determined by the Court;

(9)     Directing Defendant Tishco to expunge any records with respect to its

termination of Crawford's employment;

(10)    Directing Defendant Tishco to post a notice for its employees stating

Tishco will not in any manner discriminate against employees because of their engagement in

activities protected under the Act;

(11)    Directing Defendant Tishco to provide training for all of its employees,

management and non-management, about workers' rights under the Act including, but not

limited to, the Act's anti-retaliation provision.

(12)    Granting Crawford a reasonable amount of punitive damages;

(13)    Granting the Secretary his costs; and

(14)    Ordering such other appropriate relief as may be necessary or appropriate.

Respectfully submitted,

ELENA S. GOLDSTEIN
Deputy Solicitor

TREMELLE I. HOWARD
Regional Solicitor

CHARNA HOLLINGSWORTH-MALONE
Civil Rights Counsel

By:   *s/Richard A. Latterell*
      RICHARD A. LATTERELL
      Trial Attorney
      D.C. Bar No. 502127
      Office of the Solicitor
      U. S. Department of Labor
      61 Forsyth Street, S.W.
      Room 7T10
      Atlanta, GA  30303
      Telephone: (404) 302-5463
      (404) 302-5438 (FAX)
      Email: Latterell.Richard.A@dol.gov
      ATL.FEDCOURT@dol.gov

      Attorneys for Plaintiff

SOL Case No. 20-00609