# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

MARTIN J. WALSH,  
Secretary of Labor,         :  
                            :  
    Plaintiff,           :  
                            :  
v.                          :    CASE NO.: 7:21-cv-00041 (WLS)  
                            :  
TISHCO PROPERTIES, LLC, *et al.*,   :  
                            :  
    Defendants.          :  
                            :  

## ORDER

Before the Court is a "Consent Notice Regarding Alternative Dispute Resolution" filed by the Parties in the above-styled action on March 21, 2022. (Doc. 24.) Therein, the Parties inform the Court that they "are in agreement to pursue alternative dispute resolution" and "request that all pending deadlines be stayed and that the parties be provided an additional thirty (30) days of discovery should the parties reach an impasse." (*Id.* at 1.) The Court previously granted the parties additional time to notify the Court whether alternative dispute resolution ("ADR") was a viable option for their case. (Doc. 21.) The parties' notice regarding ADR is timely. However, the Court hereby reminds and clarifies for the parties that the relief they seek pursuant to the discovery order in place is that of an extension of the discovery period and unexpired deadlines for thirty (30) days. The discovery order permits that up to thirty (30) days shall not be charged against the parties for the purposes of ADR. (*Id.*) If the parties believe that additional time beyond thirty (30) days may be required at that time, the parties may request additional time via written motion demonstrating good cause. Such

1

additional time shall only extend the discovery deadlines from their existing deadlines by an additional thirty (30) days.

Accordingly, all unexpired deadlines are extended by thirty (30) additional days unless further extended by the Court upon timely written motion. The deadlines for discovery are hereby amended as follows:

(1) Unless discovery is further extended by order of the Court, all dispositive motions must be filed no later than **Wednesday, May 11, 2022.** In the event that discovery is extended, all dispositive motions must be filed no later than **thirty days** after the close of discovery.

(2) Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery**, whichever first occurs.[1]

(8) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:

  (i) **Wednesday, May 11, 2022**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than **thirty days** after the close of discovery;

  (ii) **Wednesday, June 1, 2022**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the

---

[1] The Court does not require Parties to email the Courtroom Deputy requesting a telephone conference prior to filing a motion to compel, although they may do so if they wish. The Parties may make such an agreement, but the Court's 21-day deadlines for Rule 37 motions will be strictly enforced. The Parties shall timely move the Court for any extension of the motion filing deadlines pursuant to this Order.

                motion must be filed no later than **twenty-one days** after the dispositive motion deadline; or

        (iii) **fourteen days after notice of the pretrial conference is entered,** if the motion relates to a trial witness or issue and if necessary the motion will be heard at the pretrial conference.

(9)    Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) must be raised at the pretrial conference.

All other deadlines and orders remain in effect as stated in the Amended Discovery and Scheduling Order issued by this Court on February 28, 2022. (Doc. 23.) Based upon the foregoing schedule, this case tentatively should be ready for trial to commence on **Monday, November 7, 2022**, in the **Valdosta Division** of this Court, or as otherwise ordered by the Court.

**SO ORDERED**, this 25th day of March 2022.

                                                /s/ W. Louis Sands
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**