**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

MARTIN J. WALSH*,*
Secretary of Labor,                                    :
                                                       :
          Plaintiff,                                   :
                                                       :
v.                                                     :          CASE NO.:  7:21-cv-00041 (WLS)
                                                       :
TISHCO PROPERTIES, LLC, *et al.*,                      :
                                                       :
          Defendants.                                  :
_____                        :

**ORDER**

Before the Court is "Plaintiff's Consent Motion for Remote Appearance at Pretrial Conference" and a "Joint Motion to Extend Trial Date" filed by the Parties in the above-styled action on June 23, 2022. (Docs. 27, 28.) Therein, the Parties request that the Court continue this case to the November 2022 trial term. (Doc. 28 at 2.) The Plaintiff additionally requests that he be permitted to appear at the Pretrial Conference scheduled for July 6, 2022 in the Albany Division of the Court remotely. (Doc. 27 at 3.) The Court addresses each request in turn.

The fact discovery and dispositive motion deadlines in this case have passed. No dispositive motions were filed in this case prior to or after the lapse of the discovery deadlines. (See Docket.) Therefore, the Court noticed the case for trial because there are no other pending matters for review.

In its amended discovery orders, the Court stated explicitly that the case was tentatively set for trial in November 2022. The notation of the tentative trial date was accompanied by a

1

footnote explaining that "[t]he actual trial date will be known when the Parties receive the notice of Pretrial Conference, which might state the proposed trial date listed herein *or an earlier or later trial date*."[1] (Doc. 23 at 3) (emphasis added). Because the Court found that there were no pending motions or other matters on the docket, the case was set for the next trial term (August 2022).

The Parties concede that they "understood" that the trial date was tentative. (Doc. 28 at 1.) However, the Parties now jointly request that the case be continued to the November 2022 trial term because they planned for this case to head to trial in November 2022 and have since gained "litigation and scheduling conflicts" for the months of August through October. (*Id.* at 1-3.) The Parties also indicate that they have "initiated settlement discussions" and "will utilize the additional time to complete those discussions."

The Court reiterates that, based on the docket and case's status, the case is ready for trial. The Court does not see any procedural or dispositive issues that would prevent this case from proceeding to trial in the next trial term of August 2022. However, considering the Parties' requests, the Court finds good cause to continue the case to the November 2022 trial term. Therefore, the Parties' Joint Motion to extend the trial date is **GRANTED**. However, the Court grants this motion and specifically sets this case for the November 2022 trial term in the Valdosta Division of this Court, which begins November 7, 2022. No further continuances of this case's trial term shall be given except upon written motion explaining

---

[1] This footnote is pulled from the February 28, 2022 Amended Scheduling Order. The subsequent amended scheduling order filed in response to the parties' notice of ADR also stated that the trial was tentatively set for November 2022, including the instruction that "[a]ll other remaining deadlines and orders remain in effect as stated in the Amended Discovery and Scheduling Order issued" on February 28, 2022. (Doc. 25 at 3.) Thus, the instruction that the trial date was tentative and could be actually set for a different time was never alerted or in questions.

good cause for such an extension that is necessary to prevent manifest injustice. Accordingly, the Pretrial Conference scheduled for July 6, 2022 at 3:00pm is hereby **CANCELLED**.

In light of the Pretrial Conference cancellation, Plaintiff's Consent Motion to appear remotely is **DENIED AS MOOT**. However, the Court reminds both Parties that it has historically required in-person attendance at key proceedings.[2] While the Court is sensitive to the potential risks posed by the COVID-19 pandemic, the moratorium on jury trials has long since ended, and attorneys have been travelling to court for hearings, conferences, and trials regularly. The Court is also aware that many attorneys are required to travel some distance to and from the Albany Division to attend such proceedings. However, travel distance alone is not a valid excuse for this Court to deviate from its consistent, historic, and required practices. Such future requests shall be denied absent demonstrable good cause that is necessary to prevent manifest injustice

**SO ORDERED**, this 28th day of June 2022.


/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court noted this previously to the Parties in their August 2021 request to hold their initial discovery conference telephonically. (Doc. 16.) The Parties' request was denied then and would be denied in the same vein were the issue not moot.